

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,335

### EX PARTE BONIFACIO JUAREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 9426944-A IN THE 209TH JUDICIAL DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a firearm by a felon and was sentenced to fifteen years' imprisonment.

Applicant contends, *inter alia*, that he was denied adequate notice of a parole revocation hearing by the Texas Board of Pardons and Paroles, and was thereby denied the opportunity to present a defense to the allegations. Applicant's parole was revoked on October 17, 2008.

Based on documentation provided by the Texas Department of Criminal Justice–Review and

Release Processing Division, the trial court determined that Applicant did not receive notice of the date upon which the parole revocation hearing would be conducted. We find that Applicant is entitled to relief. If the Board of Pardons and Paroles has not already done so, it shall conduct a new parole revocation hearing, and shall provide Applicant with timely notice of the hearing such that Applicant has at least 30 days in which to prepare for the hearing. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 28, 2010
Do not publish